UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOTAO HU,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-05539 ADS<br><br>ORDER GRANTING PETITION IN PART |

## I. INTRODUCTION

Petitioner Xiaotao Hu filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention, among other relief. (Dkt. No. 1.) Respondents filed an Answer to the Petition. (Dkt. No. 6.) Petitioner filed a Reply in support of the Petition. (Dkt. No. 8.) For the reasons discussed below, the Petition is granted in part.

## II. FACTUAL BACKGROUND

According to the Petition, Petitioner is a native of China who entered the United States on March 16, 2026. (Dkt. No. 1 ¶¶ 17-19.) Petitioner entered the United States on a B-2 nonimmigrant temporary visitor visa. (Id. ¶ 19.) Petitioner later applied for asylum on August 24, 2026, and the application is under consideration. (Dkt. No. 1 ¶ 20; Dkt. No. 6-1 at 3.) His visitor visa expired on September 14, 2026. (Dkt. No. 6-1 at 3.) Petitioner subsequently overstayed his visa. (Dkt. No. 6-1 at 3.)

On September 21, 2026, Petitioner was detained by immigration officials at a scheduled biometrics appointment. (Dkt. No. 1 ¶ 23.) He filed this Petition the next day. (Dkt. No. 1.) Petitioner alleges he was detained without prior notice or a hearing. (Id.) Petitioner alleges that he has no criminal history. (Dkt. No. 1 ¶ 22.) Petitioner has not yet received an individualized bond hearing to assess whether his detention is warranted due to danger or flight risk. (Dkt. No. 1 ¶ 29.) A review of public records indicates that Petitioner's removal proceedings are currently pending.[1]

## III. SUMMARY OF BRIEFING

Petitioner seeks habeas relief from immigration detention. Specifically, Petitioner alleges the following grounds for relief: (1) detention without a bond hearing in violation of 8 U.S.C. § 1226(a); (2) a warrantless arrest in violation of applicable statutes and regulations; (3) a violation of the due process clause due to a lack of notice and hearing; and (4) a violation of substantive due process because his detention lacks a legitimate purpose. (Dkt. No. 1 ¶¶ 44-58.) Petitioner requests immediate release from

[1] See Fed. R. Evid. 201(b); EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Oct. 27, 2026).

immigration custody and in the alternative, a bond hearing where the government bears the burden of proof by clear and convincing evidence. (Id. at 19-20.) Petitioner also requests declaratory relief. (Id.)

Respondents filed an Answer, arguing that Petitioner appears to be entitled to receive an initial bond hearing. (Dkt. No. 6 at 2.) Respondents further argue that Petitioner is properly detained pending a bond proceeding because this is his first detention. (Id. at 2-3.) Respondents emphasize that Petitioner does not have a heightened liberty interest because this is his first detention for overstaying his visa. (Id.)

Petitioner filed a Reply, reiterating that he has not received the bond hearing he is entitled to. (Dkt. No. 8 at 3.) Petitioner argues that he is entitled to post-deprivation due process. (Id. at 6.) Petitioner also argues that Respondents do not address his claim regarding a warrantless arrest. (Id. at 3-4.)

## IV. DISCUSSION

### A. Violation of Petitioner's Procedural Due Process Rights

Petitioner alleges a violation of the Due Process Clause of the Fifth Amendment. The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001); Reno v. Flores, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in [removal] proceedings."); Trump v. J.G.G., 604 U.S. 670, 673 (2025) (same). There is no question that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation

process." Demore v. Kim, 538 U.S. 510, 523 (2003). In the expedited removal context, a noncitizen has the "fundamental due process right[]" to receive "notice of the charge" they face and an "opportunity to respond to that charge." United States v. Raya-Vaca, 771 F.3d 1195, 1204 (9th Cir. 2014), abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." United States v. Rivera-Valdes, 157 F.4th 978, 991 (9th Cir. 2025), cert. denied, No. 25-972, 2026 WL 1513330 (U.S. June 1, 2026) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

To determine the procedures to which Petitioner is entitled, the Court applies the three-part balancing test established in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). See Yagman v. Garcetti, 852 F.3d 859, 864 (9th Cir. 2017) (citation omitted); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"). Under the Mathews test, courts weigh "(1) the nature of the private interest at stake; (2) the risk of erroneous deprivation and probable value of procedural safeguards; and (3) the government's interests." Vatadi v. Bowen, No. 5:26-cv-00098 MRA (SSC), 2026 WL 712595, at *3 (C.D. Cal. Feb 12, 2026), modified, 2026 WL 530750 (C.D. Cal. Feb. 20, 2026) (citing Mathews, 424 U.S. at 319).

First, the Court considers Petitioner's private interest in remaining out of immigration custody. As a noncitizen residing within the United States, Petitioner is entitled to constitutional due process. See Zadvydas, 533 U.S. at 693. However, Petitioner has only resided in the United States since March 16, 2026. (Dkt. No. 1 ¶¶ 17-19.) Further, Petitioner's liberty interest is lessened because he has not been authorized

to reside in the United States since his temporary visitor visa expired on September 14, 2026. (Dkt. No. 6-1 at 3.) Petitioner applied for asylum and overstayed his temporary visitor visa, despite the fact that his temporary visitor visa was conditioned on his guarantee that he did not intend to permanently reside in the United States. See Elkins v. Moreno, 435 U.S. 647, 665 (1978) (explaining that visitor visas are expressly conditioned on nonimmigrant intent). Further, Petitioner's pending asylum application does not prevent the government from initiating removal proceedings. See 8 C.F.R. § 208.3(c)(1) (explaining that an asylum application itself can be used as a basis to initiate the removal of a noncitizen). These circumstances warrant a lessened liberty interest.

As ample district courts have concluded, Petitioner, as a visa overstay, does not have the strong liberty interest that may be applicable to other noncitizens who have previously been detained and then released by immigration officials. See Wan v. Mullin, No. 5:26-CV-5352-RAO, 2026 WL 2886399, at *3 (C.D. Cal. Sept. 25, 2026) (holding that the lessened liberty interest of a noncitizen who overstayed their visa entitled them to bond, not release); see Shayakhmet v. Warden, No. 5:26-CV-04125-SSC, 2026 WL 2299467, at *2 (C.D. Cal. Aug. 10, 2026) (same); see also Ma v. Warden, No. 5:26-CV-4689-SSC, 2026 WL 3254576, at *4 (C.D. Cal. Sept. 25, 2026) (collecting cases). Petitioner's detention under 8 U.S.C. § 1226(a) already offers procedural safeguards, such as an entitlement to an initial custody determination, a bond hearing upon request, and further bond hearings upon a showing of changed circumstances.[2] See Rodriguez

[2] The Ninth Circuit has affirmed that noncitizens like Petitioner who are present without admission and are detained in the interior of the United States are subject to 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."); but see Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188, at *6 (5th Cir.

Diaz v. Garland, 53 F.4th 1189, 1207-09 (9th Cir. 2022) (explaining the process that 8 U.S.C. § 1226(a) detainees are entitled to by statute and implementing regulations). Accordingly, Petitioner establishes a liberty interest in remaining out of immigration custody.

Second, the Court considers the risk of erroneous deprivation. The risk of erroneous deprivation is significant where, as here, Respondents have not alleged that any procedural safeguards, such as an initial custody determination, were employed to determine if Petitioner's detention was justified. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) (finding the risk of erroneous deprivation was significant where neither party "had an opportunity to determine whether there is any valid basis for [the petitioner's] detention"). However, the risk of erroneous deprivation can be adequately mitigated if Petitioner receives the bond hearing he is entitled to under 8 U.S.C. § 1226(a). To the extent Petitioner has not requested a bond hearing, he has increased the risk of erroneous deprivation by failing to exhaust his administrative remedies.

Third, the Court considers the government's interest in Petitioner's detention. The enforcement of the United States's immigration laws is a legitimate government interest. However, civil immigration detention is "nonpunitive in purpose and effect" and is permissible only to serve the purposes of the statute and reduce the risk of flight or danger to the community. Zadvydas, 533 U.S. at 690; see also Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community

---

Oct. 23, 2026) (holding such noncitizens are subject to 8 U.S.C. § 1225(b)(2)(A)).

and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.”). Custody hearings in immigration court are “routine” and impose only a “minimal” cost. Singh v. Bowen, No. EDCV 25-03034-CAS-PDx, 2025 WL 3251437, at *7 (C.D. Cal. Nov. 21, 2025) (citation modified) (quoting Singh v. Andrews, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025)). Respondents do not have a countervailing interest in detaining Petitioner without providing a bond hearing.

Under Mathews, Petitioner is entitled to a hearing in which his flight risk and danger to the community is evaluated. Further, Petitioner is already entitled to a bond hearing as a detainee under 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1167 (9th Cir. 2026) (“Although DHS makes the initial custody determination, aliens subject to § 1226(a) can seek bond hearings before an immigration judge (IJ) and further review in the Board of Immigration Appeals (BIA).”) (citations omitted). Accordingly, Petitioner is entitled to a bond hearing.[3]

[3]Petitioner raises an additional ground for relief which contends, with little elaboration, that his detention violates substantive due process because he is not a flight risk or a danger. (Dkt. No. 1 ¶¶ 56-58.) However, there is no doubt that the government has the authority to detain noncitizens during their removal proceedings. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (“The Supreme Court has accordingly long upheld Congress's authorization of detention during deportation proceedings as a constitutionally valid aspect of the deportation process.”) (citing Demore v. Kim, 538 U.S. 510, 511 (2003)). To the extent that Petitioner contends that his detention is not justified because he is not a flight risk or danger, he will have the opportunity to present that exact contention at the bond hearing. See Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026) (“[The petitioner’s] professed showing of family ties, steady work, rehabilitation, and other favorable factors supporting release on bond is precisely what § 1226(a) and its implementing regulations invite him to make to the immigration judge at that hearing.”).

**B. Unlawful Arrest**

Petitioner contends that he was illegally detained in violation of applicable statutes and regulations because of a warrantless arrest. (Dkt. No. 1 ¶¶ 48-51.) The Ninth Circuit has repeatedly held that "defects in an arrest are not cognizable in habeas corpus." Streeter v. Craven, 418 F.2d 273, 274 (9th Cir. 1969) (holding that a defective arrest does not warrant habeas corpus relief from a state conviction); see also Alvarez-Mendez v. Stock, 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [the petitioner's] detention is illegal today."). As long as sufficient ground for present detention is shown, a petitioner should not ordinarily be released for defects in the original arrest. See United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody. . ."); see also Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026) (holding an improper arrest did not justify a noncitizen's release because the noncitizen's present detention was authorized by 8 U.S.C. § 1226(a)).

Petitioner alleges that he was arrested without any warrant or reasonable suspicion. (Dkt. No. 1 ¶¶ 48-51.) However, as discussed above, Petitioner's present detention is authorized by 8 U.S.C. § 1226(a) because he is a noncitizen present without admission as a visa overstay. The circumstances of Petitioner's arrest alone do not support habeas relief in this instance given that Petitioner's detention pending removal

proceedings is authorized under 8 U.S.C. § 1226(a).[4] See Medina v. Warden, No. 5:26-CV-05034-PA-SK, 2026 WL 2660007, at *1 n.1 (C.D. Cal. Sept. 8, 2026) ("Contrary to the claims in the current petition, the circumstances around petitioner's arrest alone are not enough to justify unconditional release from custody under § 2241.") (citing, among other cases, Wolck v. Weedin, 58 F.2d 928, 930 (9th Cir. 1932)). This ground is denied.

**C. Remedy**

In light of the above analysis, the only remaining question before the Court is the appropriate remedy. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." Lujan v. Garcia, 734 F.3d 917, 933 (9th Cir. 2013) (citing Hilton v. Braunskill, 481 U.S. 770, 775 (1987)). A bond hearing, as opposed to release, is the appropriate remedy when a noncitizen is present without admission or is a visa overstay and is now detained for the first time under 8 U.S.C. § 1226(a). See Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *2 (C.D. Cal. Aug. 20, 2026) (explaining that a bond hearing "is the remedy which courts—including in this district—have regularly ordered where, as here, the detainee was never previously released on bond or parole but was entitled to receive a detention hearing with an immigration judge.") (collecting cases); see also Wan, 2026 WL 2886399, at *3 (ordering a bond hearing when a noncitizen overstayed their visa and was subsequently

[4] As the Court in Mendez emphasized, this "is not to imply that an unlawful arrest is acceptable or condoned—it is only to recognize that release on habeas corpus is not ordinarily the correct remedy for such a defect." 2026 WL 2449572, at *3 n.2 (citations omitted). An improper arrest may entitle Petitioner to remedies in removal proceedings, among other kinds of remedies. See id. (listing potential remedies resulting from an unlawful arrest).

detained). Here, Petitioner is entitled to a bond hearing because he is a 8 U.S.C. § 1226(a) detainee who has not previously been released by immigration officials.[5]

## V. CONCLUSION

IT IS THEREFORE ORDERED that:

1) The Petition is granted in part;

2) Petitioner Xiaotao Hu (A# 242-524-052) must be provided with an individualized bond hearing before an immigration judge within 7 days of the date of this Order; and

3) Judgment shall be entered accordingly.

Dated: October 30, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

[5] To the extent Petitioner requests that this bond hearing should be ordered to occur under a heightened evidentiary standard, the Ninth Circuit has explicitly cautioned against such an order. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1214 (9th Cir. 2022) ("And we note that even when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof.") Petitioner has not alleged any facts to support a rare circumstance where a heightened evidentiary standard is appropriate.